Case 4:24-cv-00576   Document 18   Filed on 01/14/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTINIQUE BURTON,<br><br>    *Plaintiff,*<br>VS.<br><br>UNIVERSITY OF HOUSTON,<br><br>    *Defendant.* | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:24-cv-576<br>§<br>§<br>§<br>§ |

## ORDER

Pending before this Court is University of Houston's ("Defendant") Amended Motion to Dismiss Plaintiff's Original Complaint. (Doc. No. 11). Martinique Burton ("Plaintiff") responded in opposition, (Doc. No. 14), to which Defendant replied, (Doc. No. 15). Having considered the motion and the relevant pleadings, the Court **GRANTS IN PART** and **DENIES IN PART** the motion. (Doc. No. 11).

### I.   Background

According to her Complaint, Plaintiff is a former executive assistant in the Office of General Counsel at the University of Houston. (Doc. No. 1 at 2). Important to her Title VII claim, Plaintiff pleads that she is Black. (*Id.* at 3). She began her employment with Defendant in April 2022, after working for many years at public institutions in Texas. (*Id.* at 2). In August 2022, she informed Defendant that she was pregnant, with the baby due in April 2023. Thereafter, Plaintiff experienced certain medical issues related to the pregnancy. In September and November of 2022 and again in January and February of 2023, she was admitted to the hospital. (*Id.* at 3). Plaintiff alleges that Defendant repeatedly denied Plaintiff's requests for an accommodation to work from home, even though accommodations were given to other pregnant women in the same office who were not Black. (*Id.*). For example, one of them, the Assistant General Counsel, was allowed to

work from home for almost a month during her pregnancy, and after giving birth, was allowed to leave office at around noon. (*Id.*).

Plaintiff was granted leave on or about February 22, 2023. (*Id.*). On February 24, 2023, Defendant approved Plaintiff's request to withdraw 17 days from the Family Leave Pool, covering the time period from March 9, 2023, to April 3, 2023. (*Id.* at 3–4). Concurrently, Defendant also approved Plaintiff's Family Medical Leave Act ("FMLA") request for parental leave, to take effect on April 4, 2023, and lasting through June 26, 2023. (*Id.* at 4).

During her leave, Plaintiff regularly updated Defendant and repeatedly indicated her intent to return to work. (*Id.*). Defendant's benefits analyst acknowledged the receipt of those return-to-work notices, confirming that Plaintiff was "all set to return to work." (*Id.*). When she arrived at her job, however, on Monday, June 26, 2023, she saw an email dated June 23, 2023, from the Deputy General Counsel Jeffrey Palmer requesting a meeting on Monday. (*Id.*). Plaintiff responded, stating that she was in office and ready to meet. (*Id.*). At the meeting, the Deputy General Counsel, accompanied by the Vice President of Human Resources Gaston Reinoso, informed Plaintiff that she was being terminated. (*Id.*). The only reason they could give, Plaintiff alleges, is that Plaintiff's "employment with Defendant had not worked out." (*Id.*). Plaintiff further alleges that she was coerced to give a letter of resignation, and when she tried to rescind the resignation the next day, Defendant refused to reinstate her. (*Id.* at 5).

Based on the foregoing allegations, Plaintiff brings three claims: (1) FMLA interference; (2) FMLA retaliation; and (3) disparate treatment based on race under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). Defendant has moved to dismiss all of Plaintiff's claims, arguing that she has not properly pleaded essential elements of her claims.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

### A. FMLA Interference

The FMLA requires covered employers to grant covered employees up to twelve weeks of unpaid leave for certain qualifying reasons, such as the birth of a child or the occurrence of a

3

serious health condition. *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018) (citing 29 U.S.C. § 2612(a)(1)). It also mandates that employees who take FMLA leave are entitled "to be restored by the employer to the position of employment held by the employee when the leave commenced" or its equivalent. § 2614(a)(1). Importantly here, under FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." § 2615(a).

To establish a prima facie FMLA interference claim, the employee must show: "(1)[s]he was an eligible employee; (2) [her] employer was subject to FMLA requirements; (3) [s]he was entitled to leave; (4) [s]he gave proper notice of [her] intention to take FMLA leave; (5) [her] employer denied [her] the benefits to which [s]he was entitled under the FMLA." *DeVoss*, 903 F.3d at 490.

Defendant contends that she failed to state sufficient facts to establish prongs one and five: that she was an eligible employee and that Defendant denied her the benefits she was entitled to under the FMLA. These are taken in turn.

### i.     Plaintiff's Eligibility under the FMLA

An employee is eligible for FMLA benefits if she has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested . . . and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." § 2611(2)(A)(i)–(ii). Defendant argues that not only does Plaintiff admit she was not employed by Defendant for the required 12 months, but she also does not allege that she worked for Defendant for 1,250 hours. (Doc. No. 11 at 6). Plaintiff's response is twofold: (1) Defendant's own policy states that, to be eligible for FMLA leave, she must have worked for the *State of Texas* for at least 12 months, not the University of Houston specifically, and she has; and (2) equitable estoppel prevents an

4

employer from claiming that an employee is not eligible for FMLA leave after granting her FMLA leave, *see Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 358–59 (5th Cir. 2006).

Plaintiff is correct that Defendant's policy defines eligible employee has an employee who has "worked for the State of Texas a total of at least 12 months prior to the date of leave," (Doc. No. 14-2 at 3), and Plaintiff has pleaded that she "spent many years working for public institutions in Texas" before working for Defendant, (Doc. No. 1 at 2). The Court notes that "working for public institutions in Texas" does not necessarily equate to working for the State of Texas. Moreover, aside from the fact that this policy was not referenced in Plaintiff's Complaint and, thus, this Court may not be able to consider it, the policy also requires "at least 1,250 hours actually worked for the University of Houston in the 12 months immediately preceding the leave." (*Id.*). Plaintiff has not pleaded or alleged that she worked the requisite hours during her time at the University of Houston. Thus, she has failed to sufficiently plead an element of her FMLA interference claim.

Her second argument also fails. Plaintiff relies on *Minard* to argue that Defendant is estopped from denying her eligibility because they already represented to her that she is eligible to take leave. (Doc. No. 14 at 8). In *Minard*, the Fifth Circuit established equitable estoppel in FMLA context:

> [A]n employer who without intent to deceive makes a definite but erroneous representation to his employee that she is an 'eligible employee' and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the employee reasonably relies on that representation and takes action thereon to her detriment.

*Minard*, 447 F.3d at 359. The court there eventually reversed the district court's grant of summary judgment because Plaintiff's contention—that she would not have taken leave had she known she was not an "eligible employee"—raised material issues of fact. *Id.* That is, to survive summary judgment, the plaintiff must raise fact issues on detrimental reliance by demonstrating not just that

5

she took leave in reliance of the representation, but that she otherwise would not have. *See also Durose v. Grand Casino of Miss. Inc.*, 251 F. App'x 886, 889–90 (5th Cir. 2007) (distinguishing *Minard* and affirming the district court's denial of FMLA claims because the plaintiff has not shown detrimental reliance); *Collins-Pearcy v. Mediterranean Shipping Co. (USA) Inc.*, 698 F. Supp. 2d 730, 740 (S.D. Tex. 2010) (Atlas, J.) (citing *Minard*, 447 F.3d at 359) (granting summary judgment because the plaintiff "has not shown that she relied to her detriment on any representation by [the defendant] about her leave status, because she has not shown, or even argued, that she could have cut her leave short and returned to work in any event").

Here, to survive a motion to dismiss, *Minard* suggests that Plaintiff must plead detrimental reliance by demonstrating that she would not have taken leave but for Defendant's representation that she was an eligible employee. She has not done so. To be sure, Plaintiff's FMLA leave—beginning on April 4, 2023—began *after* she gave birth to her baby on April 1, 2023. Nevertheless, Plaintiff does not argue, and the Court has no basis to conclude, that, had she known that she was not FMLA eligible, she would have returned to work on April 4, 2023, instead of taking FMLA leave. Consequently, Plaintiff has not sufficiently pleaded that she was an eligible employee under FMLA or that she is entitled to equitable estoppel under *Minard*. Her FMLA interference claim is dismissed.

Nevertheless, *Minard* was a case involving a summary-judgment motion, not a motion to dismiss. Moreover, the Complaint at issue is Plaintiff's first complaint, and "district courts often afford plaintiff[] at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiff[] advise[s] the court that [she is] unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, it is not clear that

the defects are incurable because Defendant does not argue that Plaintiff *did not* work 1,250 hours in the 12 months before she took leave, but rather that she did not *plead* that she did. Similarly, the record does not establish that she could not return post-childbirth without taking FMLA leave. Moreover, as explained below, Defendant's second argument regarding Plaintiff's FMLA interference claim—that she was not denied FMLA benefits—fails. As such, the Court finds it appropriate to grant Plaintiff leave to amend her complaint to cure pleading deficiencies if she does so by January 31, 2025.

### ii. Denial of FMLA Benefits

Defendant also argues that Plaintiff failed to sufficiently plead that Defendant denied her FMLA benefits because Defendant "preserved Plaintiff's position while she was out on FMLA leave and upon the completion of her FMLA leave, restored Plaintiff into the same position she held before her FMLA leave commenced."[1] (Doc. No. 11 at 6). Defendant essentially argues that, notwithstanding the fact that Plaintiff was asked to resign the day she returned, in a meeting that was requested days before she returned, Defendant complied with the FMLA because her position was maintained during her leave.

As several courts have held, however, "returning an employee 'to a position only long enough to be fired does not amount to a meaningful reinstatement under the statute.'" *Kendall v. Walgreen Co.*, No. A-12-cv-847, 2014 WL 1513960, at *5 (W.D. Tex. Apr. 16, 2014) (Austin, J.) (quoting *Burke v. Lab'y Corp. of Am.*, No. 8:08-cv-2027, 2009 WL 3242014, at *5 (M.D. Fla. Oct. 6, 2009)). *See also Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1288 (10th Cir. 2007)

---

[1] Defendant argues for the first time in its reply that, even if her voluntary resignation was an "adverse employment action," her FMLA interference claim fails because she has not sufficiently alleged a causal link between her FMLA leave and the purported adverse employment action. (Doc. No. 15 at 2). Defendant relies on *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017), in support. While FMLA *retaliation* claims must prove such causal link, no such requirement exists under FMLA *interference* claims. *Compare DeVoss*, 903 F.3d at 490 (laying out the prima facie elements of FMLA interference), *with Acker*, 853 F.3d at 790 (laying out the prima facie elements of FMLA retaliation). Thus, the Court finds this argument lacking.

7

(holding that plaintiff established a prima facie interference claim because her "termination was a foregone conclusion by the time she returned to work, and her 'restoration' to her prior duties . . . was illusory"); *Vanstory-Frazier v. CHHS Hosp. Co., LLC*, No. 08-3910, 2010 WL 22770, at *10 (E.D. Penn. Jan. 4, 2010) ("Because there is evidence from which a jury reasonably could conclude that elimination of plaintiff's position was a foregone conclusion by the time she returned to work, the court agrees that summary judgment is not warranted as to plaintiff's interference claim."); *Ostermyer v. Toledo Clinic, Inc.*, No. 3:03-cv-7736, 2005 WL 927120, at *5 (N.D. Ohio Apr. 18, 2005) ("While the FMLA does not entitle an employee to a perpetual position with her employer, . . . I find no support for the proposition that an employee may skirt its reinstatement obligations merely by allowing an employee to work for a short period after receiving notice of her termination."). *Cf. Sprague v. Ed's Precision Mfg., LLC*, 548 F. Supp. 3d 627, 639 (S.D. Tex. 2021) (Rosenthal, C.J.) (citing with approval *Vanstory-Frazier*, 2010 WL 22770, at *10, and *Burke*, 2009 WL 3242014, at *5). Defendant has not offered any contrary authority. Thus, the Court overrules Defendant's argument that Plaintiff's pleadings were insufficient in this regard.

### B. FMLA Retaliation

To state a prima facie case for FMLA retaliation, the employee must demonstrate: (1) she was protected under the FMLA, (2) she suffered an adverse employment action; and (3) she was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA. *Acker*, 853 F.3d at 791. The third prong requires the employee to show that there is a causal link between the FMLA-protected activity and the adverse employment action. *Id.*

Defendant argues that "Plaintiff's allegations are insufficient to nudge the FMLA retaliation claim across the plausibility threshold because Plaintiff resigned from employment and

8

therefore did not suffer an adverse employment action." (Doc. No. 11 at 7). It further argues that, to the extent Plaintiff claims she was coerced into resigning, she failed to plead facts to support that claim.[2] (*Id.* at 7 n.3).

Plaintiff points out, however, "other Texas federal courts have treated resignations, given in lieu of termination, as adverse employment actions." *Clancey v. City of Coll. Station, Tex.*, No. 4:09-cv-1480, 2010 WL 1268083, at *5 (S.D. Tex. Mar. 25, 2010) (Ellison, J.) (collecting cases). Moreover, the Fifth Circuit has stated that "rejecting an employee's rescission of resignation can sometimes constitute an adverse employment action." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Com'rs*, 810 F.3d 940, 951 (5th Cir. 2015) (reversing summary judgment in favor of employer partly because the district court had held that the plaintiff suffered no adverse employment action when she resigned and when the recission of her resignation was rejected).

Consequently, under the circumstances pleaded herein, the Court declines to dismiss Plaintiff's FMLA retaliation claim simply because she resigned instead of being terminated. Plaintiff has pleaded that, on her first day back, she was called into a meeting during which she was informed "she was being terminated." (Doc. No. 1 at 4). After the meeting, Defendant's Deputy General Counsel "proceeded to coerce a letter of resignation from Burton [Plaintiff]." (*Id.* at 5). The next day, Plaintiff attempted to rescind her letter of resignation, but "[s]he was not reinstated." (*Id.*). These facts, read in the light most favorable to Plaintiff, as this Court must at this

---

[2] Again, Defendant argues for the first time in its reply that Plaintiff cannot show a causal link between her adverse employment action and her FMLA leave. (Doc. No. 15 at 2). It contends that "the records show Plaintiff had a documented history of underperformance," justifying the employment action. (*Id.*). That argument, however, is not properly before the Court for three reasons. First, the Court may not consider evidence outside of Plaintiff's Complaint save for certain circumstances inapplicable here. Second, Defendant does not cite to the parts of the record that purport to show such history of underperformance, nor can the Court find any evidence to that effect in the record. Third, "failure to raise an argument in a motion waives the argument; raising it for the first time in a reply memorandum is too late." *Ramos v. Erwin*, 723 F. Supp. 3d 529, 540 n.4 (S.D. Tex. 2024) (Ellison, J.). Nevertheless, "temporal proximity between protected activity and alleged retaliation is sometimes enough to establish causation at the prima facie stage." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Com'rs*, 810 F.3d 940, 948 (5th Cir. 2015) (holding, in Title VII context, that a six-and-a-half-week timeframe was sufficient to satisfy the prima facie case of causation).

9

stage, state a plausible claim for adverse employment action by resignation in lieu of termination. Therefore, Defendant's motion to dismiss Plaintiff's FMLA retaliation claim is denied. To hold otherwise would give every employer license to skirt FMLA obligations by asking employees who exercise their FMLA rights to resign instead of terminating them.

### C. Title VII Disparate Treatment Based on Race

To establish a prima facie case of race discrimination under Title VII, Plaintiff must show that she (1) is a member of the protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, as alleged here, shows that the others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

Defendant argues that Plaintiff has failed to state a viable Title VII racial-discrimination claim because (1) she failed to plead that she exhausted her administrative remedies; (2) there was no adverse employment action because she resigned; and (3) she failed to sufficiently allege a sufficiently similarly-situated employee; and (4) that similarly situated employee was treated more favorably than she was. (Doc. No. 11 at 8–9). These are taken in turn.

#### i. Exhaustion of Administrative Remedies

Defendant's exhaustion argument is that Plaintiff has not pleaded that she timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a statutory notice of right to sue. (*Id.* at 8). "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.*

Plaintiff points to a sentence in her Complaint to argue that she did sufficiently plead exhaustion: "All conditions precedent to this suit have been fulfilled." (Doc. No. 14 at 11) (citing (Doc. No. 1 at 10)). Under *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753 (5th Cir. 2020), that is sufficient. There, the defendant made a similar argument, seeking dismissal of the suit for failure to exhaust administrative remedies because "EEOC failed to plead the timeliness of Poston's [employee] charge of discrimination," and instead, plead generally that "all conditions precedent" have been fulfilled. *Id.* at 753. The court rejected that argument because whether "Poston timely filed his charge or that the EEOC provided Vantage notice of the charge" are "conditions precedent to suit governed by Rule 9(c)." *Id.* at 753 n.4. Rule 9(c), in turn, states that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or have been performed." FED. R. CIV. P. 9(c). Thus, the Fifth Circuit held, EEOC's generalized pleading that "all conditions precedent" have been met sufficed under Rule 9(c). *Vantage*, 954 F.3d at 753 n.4. Here, too, Plaintiff's generalized averment that "[a]ll conditions precedent to this suit have been fulfilled" is sufficient under Rule 9(c).[3] *See* (Doc. No. 1 at 10).

### ii.   Adverse Employment Action

Defendant argues that Plaintiff's resignation from her employment is not adverse employment action and that she has not pleaded that she was coerced into signing the letter of resignation. (Doc. No. 11 at 9). As the Court already explained, *supra* III.B., resignation in lieu of termination or rejection of the recission of a resignation constitutes adverse employment action. Moreover, she has pleaded that she was coerced into doing so, soon after she was called into a meeting where she was informed her employment was terminated. (Doc. No. 1 at 4–5) ("Palmer

---

[3] The Court also notes that, though not properly before the Court at this motion-to-dismiss stage, Plaintiff has attached EEOC's "NOTICE OF YOUR RIGHT TO SUE" to her Response to Defendant's motion, suggesting that she did satisfy the conditions precedent. (Doc. No. 14-3).

[Deputy General Counsel] proceeded to coerce a letter of resignation from Burton."). Thus, she has pleaded sufficient facts to allege adverse employment action, and this argument is overruled.

### iii. "Similarly Situated" Comparators

Defendant argues that "Plaintiff fails to allege that a nearly identical comparator in a similar situation, with the same job, duties, work history, disciplinary history, or supervisor was treated more favorably than she was." (Doc. No. 11 at 11). In support, it cites to several Fifth Circuit cases that emphasize the stringency of the "similarly situated" standard. (*Id.* at 9–10). To be sure, Plaintiff's proffered comparators are not fellow executive assistants, but instead are Healthcare Counsel and Assistant General Counsel—different job titles and, presumably, different job duties. Nevertheless, at this motion-to-dismiss stage, Defendant's arguments, which require evidentiary evaluation, do not carry the day.

The Fifth Circuit has admonished that a court evaluating a 12(b)(6) motion in a Title VII disparate treatment case "inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework[4] in response to a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019). "Such inquiries are better suited to summary judgment." *Id.* Thus, a court "errs by requiring a plaintiff to plead something more than the 'ultimate elements' of a claim." *Id.* In turn, the "two ultimate elements a plaintiff must plead to support a disparate treatment under Title VII [are]: (1) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'" *Id.*

---

[4] Under the well-known *McDonnell Douglas* framework, "a plaintiff must first establish a prima facie case of discrimination. After doing so, the burden of production shifts to the defendant to produce evidence that the plaintiff was rejected for a legitimate, nondiscriminatory reason. If the defendant is able to produce a legitimate reason, then the presumption of discrimination vanishes. However, because the burden of persuasion remains at all times with the plaintiff, the plaintiff is afforded the opportunity to demonstrate that an issue of material fact exists and that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Okoye*, 245 F.3d at 512 (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 142–43) (cleaned up).

In this case, Plaintiff has pleaded the two ultimate elements: that she was denied pregnancy-related accommodation and forced to resign (and the rescission of that resignation was rejected) and that her non-Black comparators were allowed such accommodations and to continue their employment. (Doc. No. 1 at 4–5). Moreover, at this stage, the Court must accept those allegations as true.

Indeed, all of the cases cited by Defendant dealt with appeals of summary judgments or judgments as a matter of law, not 12(b)(6) dismissals. At those stages, the Title VII-plaintiffs have been afforded the benefits of discovery, after which they may present evidence of disparate treatments of similarly situated individuals. Moreover, the Fifth Circuit has instructed that, while at those stages, Plaintiff may be held to the prima facie case, "a plaintiff need not make out a prima facie case of discrimination under *McDonnell Douglas* in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cicalese*, 924 F.3d at 766 (cleaned up). Therefore, to dismiss Plaintiff's claims at this stage, without discovery and holding her to the prima-facia prongs, would be to err. Defendant, however, remains free to raise the same arguments again at a later stage.

### iv. Less Favorable Treatment

Finally, Defendant argues that Plaintiff has not sufficiently pleaded that she was treated less favorably than other similarly situated employees outside the protected group. For the same reasons as above, an examination of this prong of the prima facie case at this stage is premature, as Plaintiff is only required to plead the two essential elements, which, as explained above, she has. Moreover, she has also pleaded that her comparators were afforded work-from-home privileges while she was not, and, ultimately, were allowed to continue employment with Defendant. (Doc. No. 1 at 3). These pleaded facts make it plausible that she was treated less

favorably than her comparators who were not in the protected class. Therefore, Defendant's motion to dismiss Plaintiff's Title VII claim is denied.

### IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. No. 11). Plaintiff's FMLA interference claim is dismissed, and her FMLA retaliation and Title VII disparate treatment claims remain. Plaintiff is given leave to file an amended complaint if she does so no later than January 31, 2025. If an amended complaint is filed, Defendant may respond to it within the time frame specified by the Federal Rules of Civil Procedure.

Signed on this 14th day of January 2025.

Andrew S. Hanen
United States District Judge